IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-241-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TROY LAMONT MURPHY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018, (DE 375), and to expedite ruling, (DE 389). The First Step Act motion was fully briefed and in this posture is ripe for ruling.

## BACKGROUND

By way of indictment filed July 14, 2004, defendant was charged, inter alia, with conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (count 1), and distribution of more than one gram of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count five). The indictment specified the drug conspiracy alleged in count one "involved" more than 1.5 kilograms of cocaine base and more than 15 kilograms of cocaine for purposes of § 2D1.1 of the United States Sentencing Guidelines. On November 10, 2004, the government filed notice of intent to seek enhanced penalty pursuant to 21 U.S.C. § 851.

On January 13, 2005, a federal jury found defendant guilty on both counts. As to count one, the jury determined defendant was responsible for conspiring to distribute 1.5 kilograms or more of cocaine base, and at least 15 kilograms, but less than 50 kilograms, of cocaine. As to count five, the jury found defendant distributed between two and three grams of cocaine base.

At sentencing on July 19, 2005, the court adopted the findings and conclusions of the presentence investigation report, and determined defendant's offense level was 38 and his criminal history category was VI, which produced a Guidelines range of 360 months to life imprisonment. Notably, defendant's base offense level was enhanced two levels based on obstruction of justice stemming from his threat to assault a trial witness. Defendant's criminal history includes convictions for injury to personal property, unsealed wine/liquor, driving while license revoked, discharge a firearm in city limits, possession of cocaine, assault on a female, possession of marijuana, resisting a public officer, and maintaining a vehicle/dwelling for controlled substances. He also committed the instant offense while on probation. The court sentenced defendant to 360 months' imprisonment and 10 years' supervised release, at the bottom of the Guidelines range. Defendant's custodial sentence was subsequently reduced to 240 months' imprisonment (a 10-year reduction), based on retroactive amendments to the Sentencing Guidelines.

Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on August 8, 2019. The government opposes defendant's motion. On June 3, 2020, defendant filed the instant motion to expedite ruling on the First Step Act motion.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair

Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010.  See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010.  Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).  Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id. § 404(b).  The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria.  Id. § 404(c).  Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits.  Id.

The government argues defendant is ineligible for a sentence reduction where the indictment charged him with conspiracy to distribute a "quantity" of cocaine base, but also alleged the offense "involved" distributing more than 1.5 kilograms of cocaine base (and 15 kilograms of cocaine).[1]  The jury also concluded beyond a reasonable doubt that defendant conspired to

---

[1] The fact that defendant was charged with conspiring to distribute both cocaine base and powder cocaine does not impact the eligibility determination.  See United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020) (holding

3

distribute the foregoing amounts. Thus, according to the government, the "statutory penalties" for the offense were not modified by section 2 or 3 of the Fair Sentencing Act because the indictment charged defendant with conspiracy to distribute more than 280 grams of cocaine base – the current amount of cocaine base necessary to trigger the enhanced penalties under 21 U.S.C. § 841(b)(1)(A).

The government's argument appears foreclosed by binding precedent. The United States Court of Appeals for the Fourth Circuit has held that a defendant is eligible for relief under the First Step Act if the statutory penalties for the "Federal criminal statute" that the defendant violated were modified by the Fair Sentencing Act. See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), as amended (Nov. 21, 2019). Thus, "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) – both of which were modified by Section 2 of the Fair Sentencing Act – is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." Id. (citation omitted).

Here, defendant's statute of conviction is 21 U.S.C. § 846, and he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A). The statutory penalties for this "Federal criminal statute" were modified by section 2 of the Fair Sentencing Act. See Dorsey, 567 U.S. at 269 (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). Accordingly, defendant is eligible for relief even though the government charged a drug quantity in the indictment that implicates the post-Fair Sentencing Act statutory penalties. See Wirsing, 943 F.3d at 185; see also United States v. Johnson, __ F.3d __, 2020 WL 3023063, at *8-9 & n.8 (2d Cir. June 5, 2020) (explaining under the "offense controls" theory of First Step Act eligibility, a defendant who was charged with

---

defendant convicted of distributing both cocaine base and powder cocaine is eligible to seek a sentence reduction under the First Step Act).

4

conspiracy to distribute 280 grams or more of cocaine base prior to August 3, 2010 would be eligible for relief).[2]

Having determined defendant is eligible for a sentence reduction, the court turns to the issue of whether to exercise its discretion to reduce defendant's sentence. The court declines to do so. Defendant's sentence previously was reduced by 10 years to account for changes made by the Fair Sentencing Act. Defendant's criminal history, offense conduct, and conduct in Federal Bureau of Prisons ("FBOP") custody do not justify further reducing defendant's sentence. As noted, defendant's criminal history includes convictions for assault on a female, unlawfully discharging a weapon within city limits, and drug offenses. As part of the instant offense, defendant distributed a large amount of cocaine and threatened a witness who was scheduled to testify against him. In FBOP custody, defendant has sustained disciplinary infractions for possessing a dangerous weapon, using drugs/alcohol, two counts of being insolent to staff, and introducing drugs/alcohol.[3] A sentence of 240 months' imprisonment also is within the Guidelines range applicable if defendant were sentenced today using the 2018 version of the Guidelines. Accordingly, after full consideration of the factors under 18 U.S.C. § 3553(a), the court finds that a sentence of 240 months' imprisonment remains sufficient, but not greater than necessary, to accomplish the goals of sentencing.

---

[2] To the extent the indictment should be construed as charging defendant with distributing only a quantity of cocaine base (thus ignoring the references to the drug quantity), defendant remains eligible for relief. See United States v. Woodson, 799 F. App'x 214 (4th Cir. 2020) (order determining defendant charged with a quantity of cocaine base is eligible for sentence reduction under the First Step Act); see also United States v. Smith, 954 F.3d 446, 449-50 (1st Cir. 2020). Defendant also satisfies the eligibility criteria set forth in § 404(c) of the First Step Act. See 132 Stat. at 5222.

[3] The court has fully considered defendant's argument that his post-sentencing rehabilitation justifies further reduction of his sentence. The argument is unpersuasive in light of the numerous disciplinary infractions defendant committed in custody, some of which are quite serious.

Based upon the foregoing, the court DENIES defendant's motion to reduce sentence, (DE 375), and DENIES AS MOOT defendant's motion to expedite, (DE 389).

SO ORDERED, this the 16th day of June, 2020.

LOUISE W. FLANAGAN
United States District Judge